UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Don Vincent Simmons, ) | C/A No. 5:14-2827-TLW-KDW |
| Petitioner, ) | |
| vs. ) | Report and Recommendation |
| Warden, FCI Estill, ) | |
| Respondent. ) | |

Don Vincent Simmons ("Petitioner"), a self-represented prisoner confined at Federal Correctional Institution ("FCI")-Estill in Estill, South Carolina, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.).

I.     Factual and Procedural Background

Petitioner was convicted on a jury verdict of one count of possession and distribution of crack cocaine, one count of being a felon in possession of a firearm, and two other firearm-related counts and given a 465-month prison sentence by this court on May 15, 2001. *United States v. Simmons*, No. 2:98-cr-00601-PMD-1 (D.S.C.). His sentence was enhanced under the Armed Career Criminal Act ("ACCA") provisions of 18 U.S.C. § 924(a)(2), (e) and under the Sentencing Guideline's "career offender" provision. No. 2:03-cv-2279-PMD (ECF No. 173). Petitioner's convictions and sentence were affirmed by the Fourth Circuit Court of Appeals ("Fourth Circuit") on August 16, 2002. *United States v. Simmons*, 43 F. App'x 614 (4th Cir.), *cert. denied*, 537 U.S. 1097 (2002). Petitioner's initial § 2255 motion based on ineffective assistance of counsel and an alleged speedy-trial violation, No. 2:03-cv-2279-PMD (ECF Nos. 1, 2), was denied by Order dated December 11, 2003. *Id*. at ECF No. 8. The Fourth Circuit affirmed

the denial of Petitioner's § 2255 motion on July 1, 2004. *United States v. Simmons*, 475 F. App'x 479 (4th Cir. 2004). Before he filed the § 2241 Petition now under review, Petitioner unsuccessfully pursued a pro se motion in his criminal case seeking to reduce his sentence. No. 2:98-cr-00601-PMD-1 (ECF No. 188). That Motion was denied on April 12, 2012. *Id*. (ECF No. 192). It does not appear that Petitioner requested permission from the Fourth Circuit to file a second § 2255 motion before submitting the § 2241 Petition now under review. Pet. 4, ECF No. 1.

In the § 2241 Petition now under review, Petitioner contends that the § 2255 remedy is inadequate and ineffective because Fourth Circuit law during the time of his convictions, direct appeal, and initial § 2255 motion allegedly "foreclose[d] any challenges to [his] sentence and conviction . . . ." Pet. 5, ECF No. 1. Petitioner alleges he is actually innocent of the ACCA enhanced sentence he is currently serving, citing to *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), *Descamps v. United States*, 133 S. Ct. 2276 (2012), *Whiteside v. United States*, 748 F.3d 541 (4th Cir. 2014), *reh'g en banc granted,* Nos. 13-7152, 1:09-cr-00069-MR-1, 1:12-cv-00118-MR, 2014 WL 3377981 (4th Cir. July 10, 2014)*, and Farrow v. Revell*, 541 F. App'x 327, 328 (4th Cir. 2013). Petitioner contends that he is actually innocent of the enhanced sentence he is currently serving because his criminal history ("rap sheet") relied on by the sentencing court listed two 1992 state drug-related arrests that did not result in convictions. ECF No. 1-1 at 4-5. Petitioner does not contend he is innocent of any of the federal convictions that were entered against him in 2001; however, he contends this court should consider his claim under the test established by *In re Jones*, 226 F.3d 328 (4th Cir. 2000), ECF No. 1-1 at 3-4, 7,

2

and that the court should re-sentence him without the ACCA enhancements or any other kind of enhancement that relies on the two arrests mentioned. ECF No. 1 at 8.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review was made of the pro se Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This court is required to construe pro se petitions liberally. Such pro se petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a pro se petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States

3

District Courts; *see* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Following the required initial review, it is recommended that the Petition submitted in this case be summarily dismissed.

III.     Analysis

The § 2241 Petition under review is subject to summary dismissal because "it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)). Petitioner cannot challenge his federal sentence under § 2241 unless he can satisfy the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); *see also Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001); *Ennis v. Olsen*, No. 00-7361, 2000 WL 1868982, at *1 (4th Cir. Dec. 22, 2000). In this case, Petitioner has already filed one unsuccessful § 2255 motion in his criminal case in this court, but he has not asked the Fourth Circuit for permission to file a second § 2255 motion based on the two United States Supreme Court cases and the two Fourth Circuit cases that he cites, all of which were decided after the conclusion of his initial § 2255 motion. Petitioner cannot claim that the § 2255 remedy is inadequate or ineffective because he has not tried to file a second § 2255 motion in his sentencing case. Regardless of that shortcoming, however, it is settled that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely

because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." *In re Vial*, 115 F.3d at 1194 n.5 (citations omitted).

Additionally, Petitioner's allegations fail to satisfy criteria set forth by the Fourth Circuit to determine whether a § 2255 motion would be inadequate or ineffective to test the legality of a prisoner's detention. *See In re Jones*, 226 F.3d 328 (4th Cir. 2000). The *In re Jones* court held that, in order to challenge the validity of a conviction or sentence based on new law, a petitioner must show:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

226 F.3d at 333-34.

The Petition under review fails to demonstrate that the conduct for which Petitioner was convicted (crack cocaine possession and distribution and use and/or possession of a firearm by a convicted felon) has been deemed non-criminal by any substantive law change since the conclusion of his initial § 2255 motion. Instead, Petitioner alleges that he is "actually innocent" of his sentence enhancement pursuant to the ACCA and argues that the sentencing court relied on two state arrests that did not result in convictions to support his enhanced sentence. He asserts that this reliance was improper in light of recent case law from the United States Supreme Court (*McQuiggin* and *Descamps*) and the Fourth Circuit (*Whitesides* and *Farrow*).

However, *McQuiggin* is irrelevant to Petitioner's claim because it involved a true actual-innocence claim, *i.e.*, a claim of innocence of the petitioner's conviction at issue in the

habeas matter, 133 S. Ct. at 1930, and *Descamps* has not been declared retroactive on collateral review. *See Baker v. Zych*, No. 7:13-cv-512, 2014 WL 1875114, at *2 (W.D. Va. May 9, 2014) (collecting cases holding *Descamps* is not retroactive on collateral review); *Williams v. Ziegler*, No. 5:12-cv-398, 2014 WL 201713, at *2 n.3 (S.D.W. Va. Jan. 17, 2014) (same). Therefore, Petitioner's reliance on the *Descamps* Supreme Court case as the basis for this § 2241 Petition is misplaced. Also, the Fourth Circuit's *Whiteside* opinion is not binding on any court at this time because, as previously stated, the court has agreed to rehear that matter en banc and has not yet concluded that process. *See Whiteside*, 2014 WL 3377981. Accordingly, the panel opinion in *Whiteside* has been vacated. *See* 4th Cir. Local R. 35(c) ("Granting of rehearing en banc vacates the previous panel judgment and opinion; the rehearing is a review of the judgment or decision from which review is sought and not a review of the judgment of the panel."). Also, in *Farrow*, unlike this case, the "actual innocence" claim that was held to be properly raised under § 2241 was one asserting innocence of one of the petitioner's federal convictions (possession of a firearm by a felon), not of the enhanced sentence. *See Farrow*, 2013 WL 5546155, *1. As it recognized in *Farrow*, the Fourth Circuit has not extended the reach of the savings clause to petitioners, such as Petitioner in this case, who challenge only their sentences. *Id*.; *see United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008). Because Petitioner has not shown that a motion filed pursuant to § 2255 is inadequate or ineffective to test the legality of his conviction or sentence and has not presented a cognizable § 2241 actual innocence claim under the *Jones* case, this matter should be dismissed.

IV.     Recommendation

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice*.

IT IS SO RECOMMENDED.

August 27, 2014  Kaymani D. West
Florence, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).